■ THOMAS HOLAHAN COMPANY, INC., Appellant, v. D. W. WINKELMAN CO., INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. COUNTY OF MONROE, Third-Party Defendant-Respondent.— Judgment entered June 20, 1955 and order affirmed, with costs. Appeal from judgment and order entered June 27, 1955, dismissed, without costs, as academic. All concur. (Appeal from judgment and order of Monroe Trial Term, dismissing plaintiff's complaint on the merits at the close of plaintiff's case, in an action for breach of contract; also appeal by defendant Winkelman Co. from judgment and order of the same court dismissing said defendant's third-party complaint against the County of Monroe, at the close of plaintiff's case. The orders were orders of nonsuit.) Present — McCurn, P. J., Vaughan, Wheeler, Williams and Bastow, JJ.

■ LOUIS TROENDLE, Respondent, v. J. WILLIAM GRADY et al., Appellants.— Judgment and order affirmed, with costs. All concur. (Appeals from a judgment of Onondaga Trial Term, for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ CLYDE E. SCHNEIDER, as Administrator of the Estate of GARY E. SCHNEIDER, Deceased, Respondent-Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant, and BENJAMIN M. FALKNER, as Administrator of the Estate of DONALD L. FALKNER, Deceased, Respondent.— Judgments and order affirmed, with costs. All concur. (Appeal by defendant Railroad Co. from a judgment of Genesee Trial Term, for plaintiff in an automobile-railroad negligence action; the order denied defendant's motion for a new trial; also appeal by plaintiff from a judgment of the same court for defendant Faulkner and against plaintiff for no cause of action.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ MONROE COUNTY WATER AUTHORITY, Respondent, v. NEW YORK WATER SERVICE CORPORATION et al., Appellants.— Order affirmed, with $10 costs and disbursements. Memorandum: We find the petition to be legally sufficient. It is recognized that the present Condemnation Law could be more effectively and intelligently implemented if it contained a specific method for the valuation of improvements, additions and betterments made subsequent to the time of filing a petition to condemn all of the property of a stated utility (cf. New Jersey Statutes Annotated, tit. 20, § 1-34; *Iowa Electric Light & Power Co.* v. *Fairmont*, 243 Minn. 176). The absence of such express statutory authority, however, does not, in our opinion, vitiate the proceeding. Whether or not any award made to defendant provides adequate and full compensation depends upon many factors and, if presented, must be subsequently determined. All concur. (Appeal from an order of Monroe Special Term, denying defendants' motion to dismiss the amended petition in a proceeding to condemn the entire plant and property of defendant Water Service Corporation within the County of Monroe.) Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.